['Civ. No. 5234. Third Appellate District.—October 23, 1934.]

DEPARTMENT OF PUBLIC WORKS OF THE STATE OF CALIFORNIA, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JAMES ALEXANDER, Respondents.

B. E. Pemberton, Ivan A. Schwab and Edmund D. Leonard for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

PULLEN, P. J.—Petitioner, Department of Public Works, seeks by this writ of review, to set aside and annul an order entitled "Order altering and amending findings and award and supplemental order for good cause under Section 20 (d)" (referring to Workmen's Compensation Act, Stats. 1917, p. 831, and amendments thereto), whereby it was found that James Alexander, the claimant, sustained an injury which resulted in permanent disability of 100 per cent and that the entire disability was caused by an injury sustained

by said employee while engaged in and arising out of the course of his employment.

It is conceded by respondent that the sole question for consideration is whether the record discloses "good cause" for the order of the commission in rescinding its earlier award and establishing a finding that all the disability sustained by applicant was due to the injury complained of.

The facts briefly are that Alexander, in November, 1930, was working for petitioner as a carpenter. On that date while engaged in his work he was knocked from the truck upon which he was working, falling about 25 feet into a canyon, causing injury. He was assisted to the camp, where he was given medical treatment. After remaining in bed for a period of time he returned to his work on December 11, 1930, and worked until January 3, 1931, when by reason of pain in his back he was forced to quit.

The findings and award were filed on July 29, 1932, wherein applicant was awarded total temporary disability indemnity compensation from the date of the accident to and including May 15, 1932, and 50 per cent partial disability compensation from May 15, 1932, indefinitely. Thereafter on November 7, 1933, an order was made allowing the applicant a permanent disability rating of 82 per cent. However, this was apportioned on the basis of 40 per cent to pre-existing diseases and 60 per cent to disability. The applicant on this apportionment basis was allowed a permanent disability rating equal to 49¼ per cent. Applicant thereafter applied for additional compensation and medical treatment. The commission after further hearing and after receiving further medical reports issued its order here complained of.

Section 20 (d) of the Workmen's Compensation Act provides:

"The Commission shall have continuing jurisdiction over all its orders, decisions and awards made and entered under the provisions of sections six to thirty-one, inclusive, of this act and may at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter or amend any such order, decision or award made by it upon good cause appearing therefor, such power including the right to review, grant or regrant, diminish, increase or terminate, within the limit prescribed by this

act, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished or terminated; provided, that no award of compensation shall be rescinded, altered or amended after two hundred forty-five weeks from the date of the injury. Any order, decision or award rescinding, altering or amending a prior order, decision or award shall have the same effect as is herein provided for original orders, decisions or awards." ·

In *Bartlett-Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522 [265 Pac. 195], the court said:

"It is our conclusion, therefore, that the continuing jurisdiction of the Commission as provided by section 20 (d) of the act of 1917 is not limited to the consideration of changes in the physical condition of the workman, but is extended to the right to rescind, alter, or amend the orders, decisions, or awards upon good cause appearing therefor. What constitutes 'good cause' depends largely upon the circumstances of each case. The term is relative. It may be assumed that the determination of the Commission as to what constitutes 'good cause', while entitled to great weight, would not be conclusive. Certainly it may be said, as far as the facts in the present case are concerned, that the mistake or inadvertence of the Commission in giving the injured workman, Slate, a rating of twenty-five per cent permanent disability, when as a matter of law on the undisputed facts he was entitled to a rating of one hundred per cent permanent disability, would constitute 'good cause' for the exercise of continuing jurisdiction of the Commission. In fact, the demands of justice would seem to require that the compensation be so increased under the circumstances here shown."

The record discloses that expert medical testimony was produced by the petitioner and respondents, both at the original hearing and upon the hearing of the petition to modify, and in accordance with the well-established rule it is not the province of this court to weigh the value or credibility thereof. We believe, however, that the testimony of Dr. Donald McNeil in a report to the commission, filed March 27, 1934, and considered by the commission at the latter hearing, is sufficient "good cause" for the altered

findings and award and supplemental order filed by the commission.

It is the contention of petitioner that a reading of the entire report of Dr. McNeil shows that when the doctor states "his (applicant's) past history has no bearing on the present condition" he referred to certain specific conditions such as round shoulders, and three broken ribs, a broken right forearm and hernia, which applicant had suffered several years prior to the injury sustained in November, 1930, but we cannot find substantiation for so construing the report.

Dr. McNeil in his report states:

"Examination showed a well-developed and rather undernourished man of about fifty years of age. He walks with great difficulty, with the legs markedly bowed and a marked stoop in his upper back with considerable side sway. He is restless when sitting and constantly changes his position, assuming the erect posture at times for relief. He apparently is in pain.

"His past history has no bearing on the present condition. He states he has been in good health up to the accident but that he was more or less round shouldered most of his life. Three ribs were broken fourteen years ago. The right forearm was broken in 1926 and he had a repair of a hernia in 1923. In my opinion none of these have any bearing on his present condition. . . .

"X-ray examination of the dorsal and lumbar spine shows extreme hypertrophic changes involving the entire spine with kyphosis and scoliosis in the dorsal region and marked anterior wedging of the vertebra.

"There is no evidence of any fracture of the bodies of the lumbar vertebra. There is presumptive evidence of what might be an old fracture of the right transverse processes of the 2nd, 3rd, 4th and 5th lumbar vertebrae with good healing in good position. The same is true of a chip on the superior surface of the left articular process of the 4th lumbar vertebra.

"Examination at the present shows this man to be suffering from a condition known as Spondylose Rhizomelique, or Arthritis Deformans of the spine with involvement of the shoulders and hips it becomes known as the Marie Strumpell

type of spondylitis deformans. Apparently his old fractures are well healed.''

Without discussing the issues further we are of the opinion that not only did the commission have ''good cause'' for its amended award, but to have found otherwise would have been an abuse of discretion and a lack of sympathy with the spirit and purpose of the act.

The award is affirmed.

Plummer, J., and Thompson, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 20, 1934.